IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD LEVON BUCHANAN,

Plaintiff,

v.  CASE NO. 19-3114-SAC

JOHNSON COUNTY SHERIFF'S DEPARTMENT, et al.,

Defendants.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Ronald Levon Buchanan brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. Mr. Buchanan is a pretrial detainee at the Johnson County Adult Detention Center in Olathe, Kansas. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff's complaint (ECF No. 1) alleges he has been harassed and mistreated by two nurses employed by Correct Care Solutions (CCS), while deputies failed to intervene. Mr. Buchanan recounts two specific incidents. On August 22, 2018, Defendant Vann, a nurse employed by CCS, was conducting medication rounds. He told Plaintiff he would not issue his meds unless Plaintiff had a cup. Plaintiff responded that he only had a dirty soup cup that was in the trash. Defendant Vann refused to give Plaintiff a new cup, telling Mr. Buchanan he had to

1

reuse the soup cup. A deputy sheriff, Deputy Gilliham, accompanied Nurse Vann and did not intervene.

In the second incident, Nurse Misty ordered Plaintiff to sit in the module room and proceeded to scream at him, point a finger in his face, make fun of his grammar, and otherwise humiliate him, telling him to stop filing grievances. Deputy Grieschar was present and did not intervene.

Plaintiff names as defendants the Johnson County Sheriff's Department, Correct Care Solutions (CCS), Wellpath, Nurse Vann, and Nurse Misty (lnu). He requests relief in the form of $250,000 in compensatory damages, as well as the firing of Defendants Vann and Misty (lnu).

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts

all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. Failure to state a claim of a constitutional violation

Plaintiff brings three counts in his complaint. All three allege violation of Kansas statutes. As noted above, in a § 1983 action, the complaint must specify "the violation of a right secured by the Constitutional and laws of the United States, and . . . that the deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007). "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Thus, Plaintiff's allegations that state statutes were violated state no claim under § 1983.

Moreover, Plaintiff's allegation regarding the dirty cup does not rise to the level of a constitutional violation. Complaints about the conditions of confinement are analyzed under the Eighth Amendment.[1] An Eighth Amendment challenge to prison conditions must contain facts showing both (1) that the conditions resulted in a "sufficiently serious" deprivation "so as to constitute a substantial risk of serious harm" or, in the alternative, that the conditions deprived the

---

[1] Pretrial detainees, such as Plaintiff, are protected under the Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). In determining whether Plaintiff's rights were violated, however, the analysis is identical to that applied in Eighth Amendment cases brought pursuant to § 1983. *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

4

inmate of "the minimal civilized measure of life's necessities"; and (2) that the responsible officials acted with deliberate indifference to the prisoner's conditions. *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir. 1998); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001). The Constitution does not require comfortable prisons, but it does require that inmates have "adequate food, clothing, shelter and medical care." *Barney,* 143 F.3d at 1310-11. "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A single instance of being forced to use a dirty cup to receive medication does not amount to cruel and unusual punishment. Plaintiff was not exposed to a substantial risk of serious harm. Moreover, the Tenth Circuit has found in cases involving allegations of unsanitary conditions or lack of hygiene items, the prisoner generally must have suffered an actual injury to make out an Eighth Amendment violation. *See Requena v. Roberts*, 893 F.3d 1195, 1207 (10th Cir. 2018); *see also Whitington v. Ortiz*, 472 F.3d 804, 808 (10th Cir. 2007) and *Dittmeyer v. Whetsel,* 91 F. App'x 111, 119 (10th Cir. 2004) (dismissing § 1983 claims alleging unconstitutional conditions of confinement where plaintiff failed to allege any actual injury resulted from the unsanitary conditions about which he complained). Mr. Buchanan does not include any allegation of injury.

In addition, Plaintiff's complaints of verbal harassment do not state a constitutional claim. "Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alavarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (citing *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (verbal threats and harassment "are necessarily excluded from the cruel and unusual punishment inquiry")). *See also McBride v. Deer,* 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) ("acts or

5

omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir. 1979) ("Verbal harassment or abuse of the sort alleged in this case [sheriff laughed at prisoner and threatened to hang him] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.").

Mr. Buchanan mentions that Defendant Misty (lnu) told him to "stop filing grievances" as part of the alleged verbal attack. ECF No. 1, at 4. To the extent Plaintiff is attempting to state a claim for unconstitutional retaliation, such claim also fails. To state a claim for retaliation, a prisoner must demonstrate (1) he was engaged in constitutionally protected conduct; (2) the defendant's actions caused him to suffer "an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) the defendant's adverse action was substantially motivated by the plaintiff's protected activity. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). The filing of grievances is protected conduct under the First Amendment. *Requena*, 893 F.3d at 1211; *Leek v. Miller*, 698 F. App'x 922, 925 (10th Cir. 2017) (citing *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991)).

However, the Tenth Circuit has found that verbal harassment alone does not constitute sufficient adverse action to state a claim for unconstitutional retaliation. *Requena*, 893 F.3d at 1211-12 ("To the extent [plaintiff's] retaliation claim is based on [defendant] calling him a 'dumb Indian,' harassing him 'all night' while in segregation, and placing him on 'nutraloaf' without following proper procedure, such actions alone, although unprofessional and unpleasant, do not constitute adverse action sufficient to support a retaliation claim.") (citing *see Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (insulting, disrespectful, or sarcastic comments directed at an inmate "do not, without more, constitute an adverse action" for purposes of stating a retaliation claim);

6

*see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("[V]erbal threats and name calling usually are not actionable under § 1983.")).

While the conduct described by Plaintiff in the complaint is not what should be expected from health care or corrections professionals, it does not rise to the level of a constitutional violation.

### B. Failure to state a claim against Johnson County Sheriff's Department

The Johnson County Sheriff's office is not a suable entity. *See e.g. Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity."); *see also Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015) (holding the Denver Sheriff's Department "is not a suable entity under § 1983"); *Faulkner v. Correct Care Sols.*, No. 13-3127-SAC, 2013 WL 5499815, at *4 (D. Kan. Oct. 3, 2013)(finding the Johnson County Sheriff's Department is not a suable entity); *Burnett v. McPherson Cty. Sheriff's Dep't*, No. 07-3038-SAC, 2008 WL 161681, at *3 (D. Kan. Jan. 16, 2008)(McPherson County Sheriff's Department is not a person within the meaning of §1983 and is not a suable entity); *Williams v. Clay Cty. Police Dep't*, No. 10-CV-2658-EFM, 2011 WL 2294257, at *3 (D. Kan. June 8, 2011), aff'd, 442 F. App'x 396 (10th Cir. 2011)("It is well established that under Kansas law, police departments lack the capacity to be sued."); *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *5 (D. Kan. Sept. 29, 2010)(Sedgwick County Sheriff's Department is not a legal entity amendable to suit). Therefore, the Johnson County Sheriff's Department is subject to summary dismissal.

### C. Failure to state a claim against Correct Care Solutions

While CCS may be considered as a person acting under color of state law for purposes of § 1983, it may not be held liable based upon *respondeat superior* – that is, solely because it

employs someone who violated the Constitution. *See Rascon v. Douglas*, 718 F. App'x 587, 589–90 (10th Cir. 2017); *Spurlock v. Townes*, 661 F. App'x 536, 545 (10th Cir. 2016); *Green v Denning*, 465 F. App'x 804, 806 (10th Cir. 2012); *Livingston v. Correct Care Solutions*, No. 07-3256-SAC, 2008 WL 1808340, at *1-2 (D. Kan. Apr. 17, 2008). To be liable under § 1983, Plaintiff must allege facts showing a policy or a custom of CCS that caused his injury. *See Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 691–94 (1978) (stating requirements for pursuing a § 1983 claim against a municipality); *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003) (extending *Monell* requirements to a private entity performing a state function); *Wabuyabo v. Correct Care Sols.*, 723 F. App'x 642, 643 (10th Cir. 2018) ("[T]o state a claim against CCS, [Plaintiff] must identify an official policy or custom that led to the alleged constitutional violation."). Plaintiff has failed to allege such facts. Consequently, his claim against CCS is subject to dismissal for failure to state a claim.

**D. Failure to state a claim against Wellpath**

Wellpath is listed by Plaintiff as a separate defendant in the caption of the complaint but referred to within the complaint as "Correct Care Solutions/Wellpath." If Wellpath is a separate entity against whom Plaintiff is making a separate claim, the same defects as described with Plaintiff's claim against CCS would apply to his claim against Wellpath.

**E. Claim for damages barred**

Plaintiff seeks damages in the amount of $250,000. He does not allege he suffered any physical harm. Section 1997e(e) of the Prison Litigation Reform Act (PLRA) provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

42 U.S.C. § 1997e(e). This provision bars a claim for compensatory damages without a prior showing of a physical injury. *See Perkins v. Kansas Dept. of Corrections,* 165 F.3d 803, 807 (10th Cir. 1999); *see also Lawson v. Engleman*, 67 F. App'x 524, 526–27 (10th Cir. 2003) ("While claims for mental and emotional distress are cognizable under § 1983, under § 1997e(e) 'such a suit [by a prisoner] cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms.'") (citation omitted). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002).

Because Plaintiff's complaint does not allege a physical injury arising from the alleged violations, Plaintiff's claims are subject to dismissal under Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e(e) insofar as they seek compensatory damages.

## IV. Motion

Also before the Court is a Motion of (Prison Condition) Relief (ECF No. 4) filed by Plaintiff. The motion states it is made pursuant to K.S.A. 21-5416 and K.S.A. 21-5429. K.S.A. 21-5416 is a Kansas statute delineating the crime of mistreatment of a confined person. K.S.A. 21-5429 is also a Kansas statute, and it describes the crime of endangerment. Neither statute is applicable in this federal civil rights action. Plaintiff's motion is denied.

## V. Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file an amended complaint in which he (1) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (2) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **August 30, 2019**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 30, 2019**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion of (Prison Condition) Relief (ECF No. 4) is **denied**.

---

[2] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3114-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS SO ORDERED.**

DATED: This 31st day of July, 2019, at Topeka, Kansas.

                    **s/ Sam A. Crow**
                    **SAM A. CROW**
                    **U.S. Senior District Judge**