IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD LEVON BUCHANAN,

                      Plaintiff,

v.                                           CASE NO. 19-3114-SAC

JOHNSON COUNTY SHERIFF'S DEPARTMENT, et al.,

                      Defendants.

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed under 42 U.S.C. § 1983. Mr. Buchanan proceeds *pro se* and *in forma pauperis*. Plaintiff alleges Defendants denied him his right to file grievances and forced him to use a cup taken from the trash to receive his medication. Plaintiff seeks relief in the form of $250,000 in compensatory damages, as well as the firing of the defendants.

On July 31, 2019, the Court entered a Memorandum and Order to Show Cause (ECF No. 7)("MOSC") ordering Plaintiff to show cause by August 30, 2019, why this matter should not be dismissed due to the deficiencies set forth or to file an amended complaint that cured the deficiencies.

Plaintiff filed an amended complaint on August 29, 2019, purporting to cure the deficiencies identified in the MOSC. *See* ECF No. 8. The amended complaint removes all of the originally-named defendants except Defendant Vann and adds Sergeant Bieberdorf as a defendant. The amended complaint also drops the claim related to verbal harassment.

1

The amended complaint brings two counts: (1) Plaintiff's First Amendment rights were violated when Defendant Bieberdorf placed him on grievance restriction, and (2) Plaintiff's Fourteenth Amendment rights were violated by Defendant Vann when he forced Plaintiff to drink from a cup that was in the trash in order to receive his medication.

**Count I - Grievance Restriction**

According to the amended complaint and the attached exhibit, Plaintiff was placed on a restricted grievance protocol after submitting 17 grievances during the month of September, 2018, and 18 grievances during October.  Under the restricted protocol, he could submit one grievance per week.  If that grievance was sustained, he could submit an additional grievance, and there was an exception for significant emergencies.

Plaintiff takes particular exception to the statement in the letter from Defendant Vann outlining the restricted protocol that "there is no constitutional right to a grievance process." ECF No. 8-1.  However, the statement is essentially correct in that "there is no independent constitutional right to state administrative grievance procedures."  *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see Merryfield v. Jordan*, 431 F. App'x 743, 749-50 (10th Cir. 2011) (affirming dismissal of claim that facility grievance policy was inadequate under the First Amendment because there is no federal constitutional right to a grievance procedure).

Plaintiff states in the amended complaint that Defendant Bieberdorf violated his First Amendment "right to petition for a redress of grievances."  ECF No. 8, at 3.  The right to petition under the First Amendment is related to access to the courts.  *See Boyd*, 443 F. App'x at 332. That right is not compromised by a limitation on Plaintiff's grievances alone.  *Id.*; *see also Dease v. Crow*, No. CIV-19-397-F, 2019 WL 4046568, at *2 (W.D. Okla. July 23, 2019) (prisoner's claim that grievance restriction violated right to access the courts did not state a claim);

*Holloway v. Honaker*, No. CIV-18-1071-D, 2019 WL 2136471, at *3 (W.D. Okla. May 16, 2019) (inmate's allegations regarding his "placement on grievance restriction" deemed insufficient to state a claim for violation of the constitutional right to court access).

Count I fails to state a claim under § 1983 because it fails to demonstrate a violation of Plaintiff's rights under the Constitution. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

**Count II - Dirty Cup**

Plaintiff again includes his claim related to being forced by Defendant Vann to take a cup from the trash to receive his medication, which the Court previously found failed to state a constitutional claim. He does however add to his allegations that he suffered a "rare" bacterial infection and hospitalization three months later as a result. *See* ECF No. 8, at 3, 5.

As explained in the MOSC, complaints about the conditions of confinement are analyzed under the Eighth Amendment, as are allegations of inadequate medical care.[1] An Eighth Amendment challenge to prison conditions must contain facts showing both (1) that the conditions resulted in a "sufficiently serious" deprivation "so as to constitute a substantial risk of serious harm" or, in the alternative, that the conditions deprived the inmate of "the minimal civilized measure of life's necessities"; and (2) that the responsible officials acted with deliberate indifference to the prisoner's conditions. *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir. 1998); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001). The Constitution does not require comfortable prisons, but it does require that inmates have "adequate food, clothing, shelter and medical care." *Barney,* 143 F.3d at 1310-11. "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such

---

[1] Pretrial detainees, such as Plaintiff, are protected under the Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). In determining whether Plaintiff's rights were violated, however, the analysis is identical to that applied in Eighth Amendment cases brought pursuant to § 1983. *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

As the Court previously found, a single instance of being forced to use a dirty cup to receive medication does not amount to cruel and unusual punishment.  *See Cardena v. El Paso County*, 946 F.3d 717, 728 (5th Cir. 2020) (isolated events do not amount to unconstitutional conditions of confinement); *see also Turner v. Plageman*, 418 F. Supp. 132, 134 (W.D. Va. 1976) (allegation that cups and utensils were sometimes dirty was not "sufficiently shocking" to amount to cruel and unusual punishment); *Vogel v. Davis*, No. 9:16-CV-198, 2020 WL 1333317, at *4 (E.D. Tex. Mar. 22, 2020) (plaintiff's claim that he sometimes was not provided with clean trays, cups, and utensils does not allege the deprivation of a life necessity as required to state an Eighth Amendment claim); *Anderson v. McLean Cty. Sheriff*, No. 16-CV-1427-JBM, 2017 WL 1552317, at *2 (C.D. Ill. Apr. 28, 2017) (dirty eating utensils do not deprive one of basic human needs); *House v. Fackler*, No. 3:09CV-P935-H, 2010 WL 610350, at *7 (W.D. Ky. Feb. 19, 2010) (claims that inmates are forced to drink out of dirty drinking cups and reuse dirty utensils do not suggest a "serious deprivation of basic human needs" or "the wanton and unnecessary infliction of pain" that constitutes cruel and unusual punishment).

Furthermore, Plaintiff has not alleged facts which demonstrate that Defendant Vann knew of and disregarded a substantial risk of serious harm to Plaintiff.  *See Lee v. Labette Cty. Jail*, No. 15-3167-SAC-DJW, 2016 WL 11673477, at *3 (D. Kan. Apr. 1, 2016).  Plaintiff includes the conclusory assertion that the "rare" bacterial infection for which he was treated three months later derived from the dirty cup.  Even if this were supported by evidence, however, Plaintiff does not claim that Defendant Vann knew this rare bacteria was present in the facility and knew that Plaintiff was likely to become infected if he used the dirty cup.  Plaintiff fails to adequately

plead the subjective component of the deliberate indifference standard as he does not allege that Defendant Vann had actual knowledge that the allegedly dirty cup would cause Plaintiff harm.

Because Plaintiff has pled neither a sufficiently serious deprivation nor that Defendant Vann acted with deliberate indifference, Count II fails to state a constitutional claim. *See Barney*, 143 F.3d at 1310.

**Conclusion**

For the reasons stated herein, Plaintiff's amended complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**Motion to Appoint Counsel (ECF No. 10)**

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (*quoting Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (*quoting Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to

investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (*citing Rucks*, 57 F.3d at 979).

Because the Court has determined that Plaintiff's case fails to state an actionable claim and because Plaintiff appears able to present his claims adequately, the motion is denied.

**IT IS THEREFORE ORDERED** that that this action is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 10) is **denied**.

**IT IS SO ORDERED.**

DATED: This 22nd day of April, 2020, at Topeka, Kansas.

                                              **s/ Sam A. Crow**
                                              **SAM A. CROW**
                                              **U.S. Senior District Judge**